IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| PARKER DRILLING COMPANY, *et al.*, | § | Case No. 18-36958 (MI) |
| | § | |
| DEBTORS[1] | § | (Jointly Administered) |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT AND RELATED RELIEF**

TO THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Henry G. Hobbs, Jr., the Acting United States Trustee for Region 7, by and through the undersigned counsel, who respectfully objects to the *Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Joint Plan of Reorganization, (III) Approving the forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Approving the Rights Offering Procedures and Related Materials, and (VI) Granting Related Relief* (the "Approval Motion") [Doc. No. 22], and represents as follows:

### I.   Preliminary Statement

1. The Debtors ask this Court to approve the Disclosure Statement, Solicitation and Voting Procedures, Ballots, Packages and various Notices.

2. While the Acting United States Trustee does not oppose the majority of the relief sought, the Court should deny Motion in part because 1) the Ballots and Notices do not provide an option to Opt-Out of the Releases. The Acting United States Trustee has consulted with Debtors and has been advised Debtors will address through amendments the following issues: 2) Voting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Parker Drilling Company (8660); 2M-TEK, Inc. (1761); Anachoreta, Inc. (3667); Pardril, Inc. (4469); Parker Aviation Inc. (6372); Parker Drilling Arctic Operating, LLC (6834); Parker Drilling Company of Niger (4204); Parker Drilling Company North America, Inc. (6381); Parker Drilling Company of Oklahoma Incorporated (8949); Parker Drilling Company of South America, Inc. (0657); Parker Drilling Management Services, Ltd. (7200); Parker Drilling Offshore Company, LLC (9092); Parker Drilling Offshore USA, L.L.C. (1469); Parker North America Operations, LLC (1180); Parker Technology, Inc. (6599); Parker Technology, L.L.C. (1875); Parker Tools, LLC (8864); Parker-VSE, LLC (2282); Quail USA, LLC (8885); and Quail Tools, L.P. (1471). The Debtors' service address is: 5 Greenway Plaza, Suite 100, Houston, Texas 77046.

1

class ballots do not adequately address the Releases contained in the Disclosure Statement and Amended Plan; and 3) The notices to non-voting class members do not sufficiently "flag" or emphasize the ability to request copies of documents and information that will not be provided.

## II. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

3. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b) (2). Venue is proper in this district under 28 U.S.C. § 1408.

4. The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Acting United States Trustee consents to the entry of a final order or judgment by this Court in this matter.

5. Henry G. Hobbs, Jr. is the duly appointed Acting United States Trustee for Region 7, Southern and Western Districts of Texas, under 28 U.S.C. § 581(a) (7). Pursuant to 11 U.S.C. § 307, the Acting United States Trustee has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code. Pursuant to 28 U.S.C. § 586(a)(3), the Acting United States Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

## III. Factual Background

6. On January 12, 2018 ("Petition Date"), the Debtors filed petitions seeking relief under chapter 11 of the Bankruptcy Code. Since the orders for relief under chapter 11 were entered, the Debtors have operated as debtors in possession under 11 U.S.C. §§ 1107(a) and 1108.

7. On January 12, 2018, the Court entered the Order directing joint administration of these bankruptcy cases. *See* Doc. No. 18.

8. On January 12, 2018, the Debtors filed the Plan of Reorganization (the "Plan"), Disclosure Statement, and Motion for Order Approving the Adequacy of the Disclosure Statement ("the Approval Motion"). *See* Doc. Nos. 17, 21 and 22.

9. The Plan and Disclosure Statement include various Debtor and third party releases, exculpations, and injunctions.

10. The Approval Motion seeks entry of an order approving the Disclosure Statement, Solicitation and Voting Procedures, Ballots, Solicitation Packages, Cover Letter, Confirmation

Hearing Notice, Plan Supplement Notice, Non-Voting Status Notices, Assumption and Rejection Notices, rights Offering Procedures, Rights Offering Materials and Confirmation Dates.

11. A hearing on the Approval Motion and Disclosure Statement is currently set for January 15, 2018 at 3:30 pm. *See* Doc. No. 68.

### IV. Grounds for Objection

**A.** **The Ballots and Notices Do Not Provide an Opt- Out Provision.**

12. The Disclosure Statement reflects that holders of claims or interests *must* file a formal objection with the Bankruptcy Court that expressly objects to their inclusion and opt out or they will be deemed to have consented to the Releases in the Plan. [2] *See* Doc. No. 21 at 23 and 24.

13. The Ballots for voting class members and Notices to non-voting class members do not provide holders of claims or interests an option to opt-out of the Releases contained in the Plan.

14. The UST objects to the Ballots and Notices because the lack of an opt out in the Ballots and Notices improperly shifts the burden and expense to opt-out of the Releases contained in the Plan to creditors and interest holders. Rather than include an opt-out box on the Ballots or Notices, creditors and interest holders are required to either engage counsel or proceed pro se and lodge a formal objection to the Plan to avoid being bound by the Releases. The Ballots and Notices should be amended to provide holders a box to check indicating their choice not to be bound by the Releases.

**B.** **Voting Class Ballots Do Not Adequately Address the Releases Contained In the Amended Plan**

15. Debtors intend to solicit and submit Ballots to voting classes 4, 5, 9 and 10. ("Voting Classes"). *See* Doc. No. 22 at 12. In the Ballots, class members have a check box to vote for or against the Plan. Following the voting section, the respective Ballots recite the Release provisions contained in Article VIII.C of the Plan, the definition of "Releasing Parties' from Article I (A)(124) of the Plan and language advising that failure to file an objection will consent to the releases . *See* Doc. No. 22 at 66, 76, 58, 73, 83, 94 and 106.

---

[2] Importantly, all Holders of Claims or Interests that do not File an objection with the Bankruptcy Court in the Chapter 11 Cases that expressly objects to the inclusion of such Holder as a Releasing Party under the provisions contained in Article VIII of the Plan and opt out of the releases on their ballots will be deemed to have expressly, unconditionally, generally, individually, and collectively consented to the release and discharge of all Claims and Causes of Action against the Debtors and the Released parties to the extent set forth in the Plan. The releases are an integral element of the Plan.

16. The Acting United States Trustee has consulted with Debtors regarding the Ballots and raised a concern the Ballots do not disclose that a rejection vote does not remove a class member from the Releases in the Plan nor is the objection language flagged or distinguished through larger point size or underlining (as was done in the Notice of Non-Voting Status)

17. The Acting United States Trustee has been advised the Debtors will include additional clarifying language advising class members that a rejection vote does not remove them from Releases in the Amended Plan *and* add increased point size and underlining to the objection language to flag what class members must do to avoid being bound by the Releases. An amended Disclosure Statement with additional language will resolve the objection on this point.

C.  **Notices to Non-Voting Class Members Should be Amended to Include the Specific Release Language from the Plan**

18. The Approval Motion reflects non-voting class members will receive, in lieu of a ballot, a Notice of Non-Voting Status (the "Notice"). The proposed Notice details objection deadlines, hearing dates, and includes bolded and highlighted language regarding objections to the release provisions and inclusion as a "Releasing Party". See Doc. No 22 at 138-141.

19. The Notice does not, however, include the Plan definition of "Releasing Party" or the specific release language contained in Plan Article VIII (C). By contrast, all ballots contain the definition and language.

20. The Acting United States Trustee has consulted with Debtors regarding additional language and has been advised Debtors will include the Plan definition of "Released Party" and specific release language contained in Plan Article VIII (C) to the Notices. An amended Notice with additional language will resolve the objection on this point.

D.  **Notices to Non-Voting Class Members Should be amended to Clarify Documents Are Available at No Cost.**

21. The Approval Motion reflects that non-voting class members will not receive all the documentation provided to voting classes. Specifically, the Approval Motion provides non-voting class members will not be provided a Solicitation Package (including the Disclosure Statement and Plan), but will be furnished a Notice with instructions how to obtain the documents in the Solicitation Package free of charge. *See* Doc. No. 22 at 26 and 27.

22. However, the actual instructions contained in proposed Notice *do not* reflect how a class member can obtain the omitted documents at no cost. *See* Doc. No. 22 at 140. To insure

adequate notice and due process, the proposed Notices should be amended to clarify the omitted documents can be obtained at no cost.

23. The Acting United States Trustee has consulted with Debtors regarding the no cost language and been advised the Notice will be amended to clarify. An amended Notice with clarifying language will resolve the objection on this point.

## V. Reservation of Rights

24. The Acting United States Trustee reserves his rights to object at the hearing on the Approval Motion and Disclosure Statement to the extent that the discussed amendments are not made. Moreover, to the extent that other amendments to the Approval Motion and Amended Disclosure Statement are filed after the objection deadlines or before hearings, and parties will be deprived of proper notice as required under Bankruptcy Rule 2002, the Acting United States Trustee also reserves his rights to object on the grounds that any other amendments should require proper notice under the Bankruptcy Rules with adequate time to object.

**WHEREFORE,** the Acting United States Trustee respectfully requests that this Court enter an order which denies the Approval Motion until the Debtors cure the defects cited herein, provide the additional information and disclosures needed and otherwise cure the objections presented herein and for any and all further relief as may be equitable and just.

Dated: January 11, 2019                    Respectfully Submitted,

                                           HENRY G. HOBBS, JR.
                                           ACTING UNITED STATES TRUSTEE

                                           By: /s/ Stephen D. Statham
                                                Stephen D. Statham, Trial Attorney
                                                Texas Bar No. 19082500
                                                515 Rusk, Suite 3516
                                                Houston, TX 77002
                                                Telephone: (713) 718-4650 x 242
                                                Facsimile:  (713) 718-4670

**CERTIFICATE OF CONFERENCE**

I hereby certify that on January 10, 2019, I conferred with Debtors' counsel, as required by BLR 9013-1(g), and resolved most matters, but the parties were unable to completely resolve all issues and will require Court determination. The parties will continue to discuss and attempt to reach a resolution.

/s/ Stephen D. Statham
Stephen D. Statham, Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic means on all PACER participants on this 11th day of January, 2019.

/s/ Stephen D. Statham
Stephen D. Statham, Trial Attorney