

ENTERED
02/26/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| PARKER DRILLING COMPANY, *et al* | § | CASE NO: 18-36958 |
| | § | |
| PARKER DRILLING MANAGEMENT SERVICES, LTD. | § § § | CASE NO: 18-36957 |
| | § | |
| 2M-TEK, INC. | § | CASE NO: 18-36959 |
| | § | |
| ANACHORETA, INC. | § | CASE NO: 18-36960 |
| | § | |
| PARDRIL, INC. | § | CASE NO: 18-36961 |
| | § | |
| PARKER AVIATION, INC. | § | CASE NO: 18-36962 |
| | § | |
| PARKER DRILLING ARCTIC OPERATING, LLC | § § § | CASE NO: 18-36963 |
| | § | |
| PARKER DRILLING COMPANY OF NIGER | § § § | CASE NO: 18-36964 |
| | § | |
| PARKER DRILLING COMPANY NORTH AMERICA, INC. | § § § | CASE NO: 18-36965 |
| | § | |
| PARKER DRILLING COMPANY OF OKLAHOMA, INCORPORATED | § § § | CASE NO: 18-36966 |
| | § | |
| PARKER DRILLING OF SOUTH AMERICA, INC. | § § § | CASE NO: 18-36967 |
| | § | |
| PARKER DRILLING OFFSHORE COMPANY, LLC | § § § | CASE NO: 18-36968 |
| | § | |
| PARKER DRILLING OFFSHORE USA, L.L.C. | § § § | CASE NO: 18-36969 |
| | § | |
| PARKER NORTH AMERICA OPERATIONS, LLC | § § § | CASE NO: 18-36970 |
| | § | |
| PARKER TECHNOLOGY, INC. | § | CASE NO: 18-36971 |
| | § | |
| PARKER TECHNOLOGY, LLC | § § | CASE NO: 18-36972 |

| | | |
|---|---|---|
| **PARKER TOOLS, LLC** | § | **CASE NO: 18-36973** |
| | § | |
| **PARKER-VSE, LLC** | § | **CASE NO: 18-36974** |
| | § | |
| **QUAIL USA, LLC** | § | **CASE NO: 18-36975** |
| | § | |
| **QUAIL TOOLS, L.P.** | § | **CASE NO: 18-36976** |
| | § | **Jointly Administered Order** |
| Debtor(s) | § | |
| | § | **CHAPTER 11** |

## ORDER DIRECTING APPOINTMENT OF EXAMINER

For the reasons set forth on the record on February 25, 2019, the Court orders the United States Trustee to appoint an examiner, consistent with the provisions of this Order. In directing the appointment of an examiner, the Court notes that it has not found adequate cause for ordering the appointment. Instead, the Court orders the appointment solely based on the mandatory nature of 11 U.S.C. § 1104(c).

1. The examiner's duties are limited to responding to only two questions:

    a. Did the Debtors or the Consenting Stakeholders improperly exclude Barings, LLC from participating in these bankruptcy cases, pre-petition or post-petition?

    b. Is Barings, LLC, estopped from arguing against certain allegedly improper plan provisions by proposing that Barings be allowed to reap the benefits of those same allegedly improper plan provisions?[1]

2. To assure an absence of ambiguity and in recognition of the absence of good cause for this appointment, the examiner is barred from any activity that exceeds the scope of the questions posed in paragraph 1.

3. The examiner's term of service commences on entry of this Court's approval of the United States Trustee's appointment pursuant to 11 U.S.C. § 1104(d), and continues through 10:00 a.m. on March 4, 2019.

4. Not later than 10:00 a.m. on March 4, 2019, the examiner must file a written report containing the examiner's findings with respect to the questions in paragraph 1.

5. The examiner must endeavor to minimize all fees and expenses. The examiner may retain one or more professionals. The examiner will be compensated on an hourly

---

[1] The Court recognizes that some of the evidence at the February 25, 2019 hearing involved settlement communications which could invoke FED. R. EVID. 408. However, at the February 25, 2019 hearing, the settlement communications were admitted without any objections raised by the parties. In answering this question, the examiner should assume that the settlement communications are admissible for estoppel purposes.

2 / 3

basis. The examiner's compensation, which is subject to Court approval, is capped at $60,000.00. The examiner's professionals' compensation, which is also subject to Court approval, is capped at $100,000.00. The compensation limits contained in this paragraph will not apply to compensation or expenses for time spent seeking to compel testimony or the production of documents by the Debtors or the Consenting Stakeholders, but only if such testimony or documents are wrongfully withheld. The Court does not anticipate any absence of cooperation with the examiner.

6. For the avoidance of doubt, the Court notes that the March 5, 2019 confirmation hearing will proceed as scheduled.

SIGNED **February 26, 2019.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE